UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TONY EPPENGER,

        Petitioner,

v.                                              Case No. 20-cv-1390-pp

CHRIS BUESGEN,

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1) AND REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING**

      On September 8, 2020, the petitioner, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1991 conviction in Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1. On May 31, 2022, the petitioner paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

**I.    Background**

      The petition refers to State v. Eppenger, Milwaukee County Case No. 1990CF903187. Dkt. No. 1 at 2. The court has reviewed the publicly available docket for that case; it reflects that on May 4, 1991, a jury returned its verdict.

1

(available at https://www.wicourts.gov/); Id. The petition indicates that the jury convicted the petitioner of first-degree intentional homicide. Dkt. No. 1 at 2. On July 8, 1991, the state court entered judgment. Id. The state court docket does not contain the petitioner's sentencing information nor did the petitioner provide these details in his petition, but the Department of Corrections inmate locator web site indicates that the petitioner is serving a life sentence with a parole eligibility date of July 8, 2040. https://appsdoc.wi.gov/lop/details/detail.

The petitioner indicates that he filed a direct appeal in 1991 and that his conviction was affirmed on February 21, 1995. Dkt. No. 1 at 3. The petition includes an order from the Wisconsin Supreme Court dated February 21, 1995, denying the petitioner's petition for review. Dkt. No. 1-1 at 2.

The state court docket indicates that the circuit court denied the petitioner's motion for post-conviction relief on July 6, 2010, the court of appeals affirmed the circuit court's denial on September 7, 2011 and the Wisconsin Supreme Court denied the petition for review on December 1, 2011. Eppenger, Case No. 1990CF903187 (available at https://wcca.wicourts.gov). On March 28, 2017, the Wisconsin Court of Appeals denied the petitioner's Knight petition.[1] Id.; Dkt. No. 1-1 at 5. On July 11, 2017, the Wisconsin Supreme Court denied the petitioner's petition for review of that decision. Id.

---

[1] State v. Knight, 168 Wis. 2d 509 (Wis. 1992), holding that a claim for ineffective assistance of counsel must be brought through a petition for *habeas corpus* filed in the court of appeals.

2

The state court docket indicates that on August 17, 2018, the petitioner filed a motion for post-conviction relief under Wis. Stat. §974.06. Id. The circuit court denied that motion on August 22, 2018. Id. On June 17, 2019, the Wisconsin Court of Appeals affirmed the circuit court's denial. Id. On September 3, 2019, the Wisconsin Supreme Court denied the petition for review of that decision. Id.

## II.     Rule 4 Screening

### A.     Standard

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an

3

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition asserts four grounds for relief: (1) the petitioner's trial counsel selected the wrong defense; (2) the petitioner's trial counsel failed to investigate other possible defenses; (3) it was unethical for the petitioner to come to court and commit perjury (actually a claim that the petitioner's trial counsel was ineffective in failing to explain to the petitioner the ramifications of

4

Case 2:20-cv-01390-PP    Filed 01/13/23    Page 4 of 9    Document 10

the "all-or-nothing" defense, a legal strategy in which counsel foregoes a lesser-included instruction in the hope of forcing the jury into a full acquittal);[2] and (4) the State did not produce evidence at trial that the primary witness told law enforcement that the victim had jumped the fence to attack the petitioner. Dkt. No. 1 at 6-9.

Grounds one and two allege claims for ineffective assistance of trial counsel, claims that are cognizable on federal *habeas* review. See Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel). While ground three references perjury, the facts supporting the claim allege that the petitioner's trial counsel should have informed him of the consequences of pursuing an all-or-nothing defense. As noted above, the court construes this claim as alleging an ineffective assistance of trial counsel, so this ground, too, alleges a claim cognizable on federal *habeas* review.

As to ground four, the petitioner states that a primary witness gave two statements to law enforcement officials regarding the victim. Dkt. No. 1 at 9. The petitioner argues that the state never produced "this evidence" at trial and that the witness testified falsely when she said that she never saw the victim come over the fence and attack the petitioner. Id. The petitioner concludes that his trial counsel could have saved him. Id. It is not clear whether the petitioner is attempting to bring a Brady claim by alleging that the State withheld

---

[2] See, *e.g.*, State v. Adeyanju, 321 Wis. 2d 239, 2009 WL 2047271 at *3 (Wis. Ct. App. July 16, 2009) (citing State v. Kimbrough, 246 Wis. 2d 648, 661-667 (Wis. Ct. App. 2001)).

5

exculpatory evidence or is attempting to bring an additional ineffective assistance of counsel claim by alleging that his trial counsel failed to introduce exculpatory evidence. Because either claim is cognizable on federal *habeas* review, the court will allow the petitioner to proceed on this claim. See Banks v. Dretke, 540 U.S. 668, 690 (2004) (Brady claim actionable for federal *habeas* relief).

The court cannot say that it is clear from the face of the petition that it was not timely filed, even though the petitioner is challenging a thirty-one-year-old conviction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

Far more than one year has passed since the petitioner's judgment became final on February 21, 1995. But subsection (2) of the same statute

provides for tolling of the one-year period for "properly filed" state post-conviction motions. 28 U.S.C. §2244(d)(2). The record shows that the petitioner has filed several state post-conviction motions. Whether they were "properly filed," and how much of the twenty-seven years since the petitioner's conviction might be excluded as a result of those motions, is impossible for the court to determine at this stage. Because the limitation period is an affirmative defense and the State has the burden of proving that a petition was not timely filed, Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004), the court cannot conclude at the screening stage that the petition was not timely filed.

The court does have concerns regarding exhaustion. Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, however, it is premature for the court to consider whether the petitioner has properly exhausted all his grounds for federal habeas relief. Failure to exhaust, like the limitation period, is an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on the grounds described in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with

Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact,

exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 13th day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**