UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY EPPENGER,

        Petitioner,

   v.                                       Case No. 20-cv-1390-pp

CHRIS BUESGEN,

        Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
(DKT. NO. 16) AND DISMISSING CASE**

---

On March 1, 2023, the respondent filed a motion to dismiss the §2254 *habeas* petition as both successive and untimely. Dkt. No. 16.[1] Because the petition is an unauthorized second petition, the court will grant the motion and dismiss the case.

**I.    Background**

On September 8, 2020, the petitioner, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 1991 conviction in

---

[1] Prior to the respondent filing his motion, the petitioner had filed a motion to appoint counsel. Dkt. No. 14. After the respondent filed his motion, the petitioner filed a request for a certificate of appealability, apparently believing that this was the appropriate procedure to use for seeking authorization to file a second or successive petition. Dkt. No. 15. Finally, he filed a motion for an extension of time to file a brief. Dkt. No. 18. Because the court does not have jurisdiction over this second or successive petition, it cannot rule on those motions and the dismissal of the petition renders them moot.

1

Milwaukee County Circuit Court for first-degree intentional homicide. Dkt. No. 1. On January 13, 2023, the court screened the petition and allowed the petitioner to proceed on the grounds described in his *habeas* petition. Dkt. No. 10. In that same order, the court set a briefing schedule. Id. at 8.

On February 13, 2023—about a month after the court issued the screening order—the court received a letter from the petitioner. Dkt. No. 14. The letter stated that the petitioner had been told that the court would dismiss his *habeas* petition because he had not asked "the 7th Circuit to file a second subsequent 2254 petition." Id. The petitioner asked that, if this was true, he be given an opportunity to ask the Seventh Circuit if he could file a second petition; he stated that his first petition had been dismissed without prejudice by Judge Myron Gordon of this district. Id. Four days later, the court received from the plaintiff a motion for a certificate of appealability. Dkt. No. 15. The motion stated that the petitioner had been unaware that he was required to seek permission from the Seventh Circuit to file a second or subsequent petition, and noted that when he'd learned this, he'd immediately written this court asking for the opportunity to seek such permission. Id. at 1. The motion explained that in the mid-1990s, the petitioner (through counsel) had filed a *habeas* petition in the Eastern District, Case No. 96-C-780, and that Judge Myron L. Gordon had dismissed the petition without prejudice. Id. at 2.

On March 3, 2023, the respondent filed a motion to dismiss arguing that the court should dismiss the petition because it is both successive and untimely. Dkt. No. 16. The respondent pointed out what the petitioner already

2

had told the court: that the petitioner had filed his first *habeas* petition in 1996 challenging the same conviction he challenges in the present case, and on the same basis—ineffective assistance of trial counsel. Id. at 3. The respondent argued that the petitioner had made no showing that he had obtained authorization from the Seventh Circuit to file the second petition and that this court should dismiss the unauthorized successive petition. Id. at 4. In the alternative, the respondent argued that the petition should be dismissed as untimely because the petitioner had until August 24, 1997 to file his petition and the petition cannot be saved by tolling. Id. at 4-5.[2]

**II.    Analysis**

    A.    Standard

Rule 9 of the Rules Governing Section 2254 Cases states that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. §2244(b)(3) and (4)."

This rule implements §2244 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Subsection (a) states that a district court shall not be required to entertain a *habeas* petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on

---

[2] The petitioner's motion for an extension of time to file a brief does not explain what he wishes to brief. Dkt. No. 18. The court assumes he wishes to oppose the motion to dismiss. Because district courts do not have jurisdiction to hear unauthorized second or successive petitions even if the petitioners do not realize that they needed appellate permission, the court has not give the petitioner the opportunity to file an opposition brief; such a brief would be futile.

3

a prior application for a writ of habeas corpus[.]" 28 U.S.C. §2244(a). Subsection (b)(1) effectuates subsection (a) by requiring that "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. §2244(b)(1). The word "shall" is mandatory. Subsection (b)(2) creates two narrow exceptions that—if the petitioner can meet the requirements—allow district courts to consider claims brought in second and successive petitions that were not presented to a district court in a previous petition.

Subsection (b)(3)(A), however, states that before a petitioner may attempt to seek relief in a second or successive petition under the two exceptions, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). "No matter how powerful a petitioner's showing, only [the federal court of appeals] may authorize the commencement of a second or successive petition." Nuñez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). The district court has no choice; it "*must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Id. (emphasis in original). If the petition qualifies as a "second or successive petition," this court must dismiss it unless the petitioner has an order from the Seventh Circuit giving him approval to file it.

"[I]t is well settled that ['second or successive'] does not simply 'refe[r] to all §2254 applications filed second or successively in time[.]" Magwood v. Patterson, 561 U.S. 320, 332 (2010) (citing Panetti v. Quarterman, 551 U.S.

4

930, 944 (2007)). In Magwood, the Supreme Court held that the phrase "'second or successive' must be interpreted with respect to the judgment challenged." Id. at 333. In other words, if a petitioner's second petition challenges the same state court judgment that the first petition challenged, the second qualifies as a "second or successive" petition. A petition "is caught by §2244(b) and §2255 ¶8 only if it is second successive to a proceeding that 'counts' as the first. A petition that has reached final decision counts for this purpose." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999).

B.    Application

In Case Number 96-C-780 (E.D. Wis.), the late Judge Myron Gordon considered a *habeas* petition that challenged the petitioner's 1991 conviction for first-degree intentional homicide. Dkt. No. 17-1. On May 19, 1997, Judge Gordon dismissed the petitioner's ineffective assistance of counsel claim on the merits. Id. The present case also challenges the petitioner's 1991 conviction for first-degree murder. Dkt. No. 1. The petitioner admits that he did not get permission from the Seventh Circuit because he did not know that he was required to do so.

Section 2244(b)(3) requires a petitioner to ask the Seventh Circuit for an order authorizing the district court to consider a second or successive application *before* filing that second or successive application in the district court. That same provision requires that the petitioner file the application in the appropriate court of appeals, not the district court. The petitioner filed his application *after* he filed his second *habeas* petition and filed his application in

5

this court, not the appropriate court of appeals—the United States Court of Appeals for the Seventh Circuit.

The court has no choice but to dismiss the petition under Rule 9 of the Rules Governing 2254 Cases and 28 U.S.C. §2244(b)(3)(A), because it is a second or successive petition and the petitioner did not obtain leave from the Seventh Circuit of Appeals before filing it. Because the court lacks jurisdiction to consider the petition, it will not consider the respondent's alternative argument that the petition is untimely.

This order does not preclude the petitioner from trying to obtain permission from the Seventh Circuit to file a second or successive petition.

### III. Conclusion

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 16.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 21st day of March, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**