UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONY EPPENGER,

        Petitioner,

  v.

CHRIS BUESGEN,

        Respondent.

Case No. 20-cv-1390-pp

---

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 28)**

---

On March 21, 2023, the court granted the respondent's motion to dismiss the petitioner's §2254 *habeas* petition as an unauthorized second or successive petition. Dkt. No. 21. The court entered judgment the same say. Dkt. No. 22. On March 28, 2023, the petitioner filed a notice of appeal. Dkt. No. 24. On April 11, 2023, the petitioner filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 28.

Under the Federal Rules of Appellate Procedure, a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information in the petitioner's affidavit of indigence. See Martin v. United States, 96 F.3d 853,

1

855-56 (7th Cir. 1996). As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962).

The petitioner's affidavit of indigence indicates that he has no monthly income. Dkt. No. 28 at 1-2. It shows that he has no assets. Dkt. No. 28 at 3-4. The petitioner reports having no monthly expenses. Id. at 5. The petitioner's prison trust account statement indicates that as of April 4, 2023, the petitioner had $900.15 in his regular account. Dkt. No. 29 at 1. The court finds that the petitioner has sufficient funds to pay the $505 appellate filing fee.

Even if the petitioner did not have the ability to pay the filing fee, the court still would deny the motion because the petitioner's appeal is frivolous. As the court explained in its dismissal order, in 1997, the late Judge Myron Gordon considered a *habeas* petition that challenged the petitioner's 1991 conviction for first-degree intentional homicide. Dkt. No. 21 at 5. The court explained that 28 U.S.C. §2244(b)(3)(A) requires a petitioner to get permission from the Seventh Circuit Court of Appeals before a district court may consider a second or successive *habeas* petition. Id. That same provision requires the petitioner to file the application for permission to file the second or successive petition in the court of appeals—in this case, the Seventh Circuit—not the

2

district court. Id. As the court observed, the petitioner had attempted to file his application for permission to file a second or successive petition *after* filing his second *habeas* petition and incorrectly had filed the application in the district court instead of the court of appeals. Id. at 5-6.

In his notice of appeal, the petitioner says that he is seeking a certificate of appealability because he is "asking permission to file a second habeas corpus." Dkt. No. 24 at 1. The petitioner has confused a certificate of appealability with an application for permission to file a second or successive petition. Under Rule 11 of the Rules Governing Section 2254 cases, when a district court denies a §2254 *habeas* petition, it considers whether to issue a certificate of appealability. See also 28 U.S.C. §2253(c)(1). If the court denies a certificate, the petitioner may seek one from the court of appeals under Federal Rule of Appellate Procedure 22. See Rule 11 Governing Section 2254 Cases. Obtaining a certificate of appealability from the Seventh Circuit would allow the petitioner to appeal this court's order dismissing his petition as second or successive. That appeal would be frivolous because the petitioner did not have permission from the Seventh Circuit at the time he filed his second *habeas* petition to file a second or successive petition. It appears that the petitioner is attempting to ask for permission to file the second *habeas* petition. If so, he should not be asking for a *certificate of appealability*; he should be filing with the Seventh Circuit an application for permission to file a second or successive *habeas* petition.

The court **DENIES** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 21.

Dated in Milwaukee, Wisconsin this 7th day of July, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:20-cv-01390-PP   Filed 07/07/23   Page 4 of 4   Document 31